No. 46008.—Protests 996747–G, etc., of C. J. Hendry Co. (San Francisco).

Keefe, Judge: This action involves the classification of certain iron drums imported as containers of coal tar, a duty-free merchandise. The collector at San Francisco assessed duty upon the drums at 25 percent ad valorem under paragraph 328, Tariff Act of 1930. The plaintiff claims that the drums are free as the usual containers of duty-free merchandise, or as American goods returned under paragraph 1615. The latter claim was abandoned by the plaintiff at the trial.

One of plaintiff's employees testified that he had always used the coal tar contained in iron drums to treat fish nets. The drums were described by this witness as 50-gallon metal barrels in very poor condition having only one bung. In emptying, the drums are placed on top of a coal-tar tank, and holes are punched therein thereby allowing the tar to flow more rapidly. After emptying, the drums are removed to a lot adjacent to the company's plant and when they have accumulated are loaded on trucks and taken out and dumped. The witness testified that he had seen drums marked with the initials "C. J. H." indicating C. J. Hendry, the importer herein. The witness further testified that the plaintiff also sells about three-fourths of the drums imported by plaintiff together with their contents to fishermen who empty them and leave the empty drums in the same place as the plaintiff. The witness admitted, however, that personally he never sells the drums and did not know whether or not they were sold. Nor did he know where the truck drivers actually took the drums.

The examiner of drums at San Francisco testified that he had seen the drums at the time of importation and had advisorily classified them as dutiable; that the drums were of metal and in a condition at the time of importation so that they would carry the merchandise; that they were of 55-gallon capacity, and some contained bungs on the top, others on the side as well as the top; that generally when there is a bung on the side there is another one on the top; and that drums for C. J. Hendry are generally marked "C. J. H." The witness further testified that he had visited the Bauer Cooperage Co., dealers in second-hand drums, and there saw many metal drums, some of which had contained tar and bore the initials "C. J. H." indicating to him that they had been purchased from C. J. Hendry, the plaintiff herein; that he had noted that there were quite a quantity of drums the same in all respects as the drums here in question, with the initials "C. J. H." and that:

the bung, where they were not intact showed evidence of tar, and where the holes were punched, probably in the sides, about the size of a lead pencil, up to the size of my little finger; and you could see where some of the tar had been showing.

From the foregoing testimony, it is apparent that the plaintiff's witness had no independent recollection of the particular drums in question and that his testimony relates to the general treatment of drums containing coal tar. Within his knowledge coal-tar drums when emptied were placed in a vacant lot and were carted away by truck drivers. The disposition of the drums, however, was clearly not within his knowledge. The United States examiner had personally examined the drums in question and within his knowledge similar drums of the plaintiff, many of which contained holes punched in them, were in the yards of the cooperage company dealing in second-hand drums, indicating that the plaintiff's drums were not worthless after being emptied of their contents.

A careful consideration of the evidence herein fails to disclose: First, that the drums in question were in such condition that they were worthless, or that it was not commercially feasible to recondition them; second, that they were not sold or used again as containers of merchandise; and third, that they were discarded as junk. Therefore, upon the record before us, we find the evidence insufficient to overcome the classification of the collector, which is presumptively correct.

Judgment will be entered in favor of the defendant.